Daniels, J.
By the judgment which was recovered in the action, a deed of real estate made by Minnie Tobias to Bertha Abrams was held to be fraudulent and void as against the plaintiffs, who were judgment and execution-creditors of the grantor. She was engaged as a partner in business with A. Sinsheimer. Her husband preceded her in the business in that relation, but he with the consent of the other partner sold out his interest to his wife, who was represented to be responsible for the debts of the firm, because she owned a house in Fiftieth street which she after-wards conveyed to her mother. After she became interested in the business it appears to have been unsuccessful, and she conveyed this real estate by deed to her mother in consideration of an alleged preceding indebtedness of upwards of $3,000. The evidence given upon the trial by the partner, Sinsheimer, was to the effect that a conversation took place between himself and Mrs. Tobias when Mrs. Abrams *298 was present concerning the business, and this property in which Mrs. Tobias stated she did not. owe anything to any body. Bothi herself and her mother, however, denied so much of this conversation, and testified that her mother had loaned to her $3,000 in Pittsburg, in 1877, and that she •had afterwards loaned her the sum of $1,000, together with other similar amounts. But no vouchers, or other written evidence was produced authenicating these loans, or the indebtedness of Mrs.' Tobias in any sum to her mother. The deed of the property is dated the 12th of September, 1882, and it was not recorded at or near the time when it was executed, and after its delivery these parties continued to occupy the property described in it. Before it was executed the grantee testified that she saw that her daughter could not pay her, and then she says: “ I told her to give me the house and I would give her what she needs, so much money I give her when she needs something. * * * If she needs five dollars or ten dollars, I am sure I would not let my daughter go without money.” But how much she had paid her in this manner was not shown in the case.
The evidence which was given, however, direct and circumstantial, did authorize the justice presiding at the trial, to infer that the object of making the deed was to place the property beyond the reach of the creditors of the grantor, and at the same time to reserve to herself some benefit from the title being conveyed to her mother, and that this understanding was observed and carried into effect after the deed itself was delivered. And while the testimony was not very forcible upon this subject, as it rarely is in this class of cases, the court had the right to believe that the parties were actuated with this fraudulent intent, notwithstanding the affirmance of the honesty of the transaction by the two parties to the conveyance.
But while it was entirely right to set aside the conveyance as to the plaintiffs and to direct a sale of the property for the payment of their judgment and of the costs of this action, there was no authority for directing the surplus of of the proceeds to be paid into the hands of the city chamberlain as that has been done by the judgment; As to all other parties not assailing or questioning this deed it conveyed the title to the property to the grantee, and whatever surplus might remain out of the proceeds after making such payments belonged directly, and should be paid, to her. This direction contained in the judgment should be reversed, and a further direction inserted in it requiring the payment of the surplus proceeds to be made to Bertha Abrams. And as' so modified the judgment should be affirmed without costs of the appeal to either of the parties.
Brady and Bartlett, JJ., concur.